**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDY'S BP, INC., a California corporation; SABEK, INC., a California corporation; ANDY SABERI, an individual, <br><br>        Plaintiffs - Appellants, <br><br>  v. <br><br> CITY OF SAN JOSE; JOSEPH HORWEDEL, individually; AMIR SHIRAZI, individually and as Trustee for the Mohammad M. Shirazi Living Trust, DBA Moe's Stop, <br><br>        Defendants - Appellees. | No. 13-15409 <br><br> D.C. No. 5:12-cv-01631-LHK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted March 12, 2015**
San Francisco, California

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and CHRISTEN, Circuit Judges and SILVER,[***] Senior District Judge.

Plaintiff Andy's BP, a gas station in San Jose, competes for business with a gas station across the street, Moe's Stop. Plaintiff brought a section 1983 suit, alleging that the City of San Jose illegally favored Moe's Stop by issuing citations against Andy's BP that it did not issue against Moe's Stop, and by ignoring evidence showing that Moe's Stop had violated the terms of its conditional use permit. The district court dismissed the complaint with prejudice. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision to dismiss, and we review for abuse of discretion the district court's decision to deny leave to amend. We affirm.

"[A]n equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). "To succeed on [a] 'class of one' claim, [Plaintiff] must demonstrate that the [City]: (1) intentionally (2) treated [Plaintiff] differently than other similarly situated [persons], (3) without a rational basis." *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011). Plaintiff

---

[***] The Honorable Roslyn O. Silver, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

-2-

cannot state an equal protection claim based on the different treatment that Andy's BP and Moe's Stop received because the two gas stations are not similarly situated. First, Plaintiff never requested a conditional use permit, so the City could not have enforced conditional use permit requirements differently for Moe's Stop than it did for Andy's BP.  Second, Plaintiff does not allege that Moe's Stop violated the same ordinances without receiving citations, and has not claimed that the City subjected Andy's BP to unequal treatment with respect to citations.

Further, the district court may exercise its discretion to deny leave to amend due to a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed" or due to the "futility of amendment."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  After Judge Ware dismissed Plaintiff's complaint, Plaintiff failed to follow his instruction to show in the amended complaint that the gas stations are similarly situated.  Further amendments would be futile because the facts already pled show that the differences between Andy's BP and Moe's Stop are too great to support a class-of-one claim.

**AFFIRMED.**